IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACS STATE HEALTHCARE, LLC, a Delaware Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3021 |
| v. | ) ) | |
| FOURTHOUGHT GROUP, INC., | ) ) | MEMORANDUM AND ORDER |
| Defendant-Intervenor. | ) ) | |

This matter is before the Court on FourThought Group, Inc.'s ("FourThought") motion to strike portions of the Second Amended Complaint (Filing No. 181), ACS State Healthcare, LLC's ("ACS") motion for leave to file instanter a sur-reply brief to FourThought's motion to strike (Filing No. 200), and ACS's motion for a hearing on unresolved objections to deposition subpoenas (Filing No. 202). Upon review of the motions, the Court finds FourThought's motion to strike portions of the Second Amended Complaint should be granted to the extent it is in accordance with this memorandum, ACS's motion to file instanter a sur-reply brief to FourThought's motion to strike should be granted, and ACS's motion for a hearing on the unresolved objections to deposition subpoenas should be denied.

**Background**

On May 2, 2007, the Nebraska Department of Administrative Services ("DAS") issued Request for Proposal ("RFP") 2017Z1, which described the State of Nebraska's ("State") intention to develop and implement a new Medicaid Management

Information Systems ("MMIS") for the State.  Both FourThought and ACS submitted bids in response to RFP 2017Z1.  On November 21, 2007, DAS posted its intent to award the MMIS Contract to FourThought, and ACS subsequently filed a formal protest based in part on allegations that FourThought had a disqualifying conflict of interest.  DAS denied the protest.

On February 1, 2008, ACS filed this action against the State Defendants,[1] seeking *inter alia*, a declaration that the State Defendants' award of the MMIS Contract to FourThought would violate federal procurement regulations in part because the State Defendants did not exclude FourThought from bidding on RFP 2017Z1 and an order enjoining the State Defendants from awarding the MMIS contract to FourThought.  Thereafter, FourThought moved to intervene, which the Court granted.

ACS filed a Second Amended Complaint on April 2, 2008 (Filing No. 101).  The Second Amended Complaint asserted three claims against FourThought: (1) misappropriation of trade secrets, (2) tortious interference, and (3) unfair competition.  ACS's claims for tortious interference and unfair competition were based in part on allegations that FourThought had a

---

[1] "State Defendants" is the collective term for David Heineman, in his official capacity as Governor of the State of Nebraska, Jon Bruning, in his official capacity as Attorney General of the State of Nebraska, Carlos Castillo, in his official capacity as Director of the Nebraska Department of Administrative Services, Christine Peterson, who is the former CEO of the Nebraska Department of Health & Human Services, and Steve Sulek, in his official capacity as Acting Material Division Administrator (Filing No. 182 at 1).

disqualifying conflict of interest when it submitted a bid for RFP 2017Z1 in violation of state and federal procurement laws.

On May 30, 2008, DAS awarded the MMIS Contract to FourThought.  Subsequently, ACS moved to dismiss the State Defendants without prejudice, which the Court granted.

## Discussion

### 1.    Motion to Strike

FourThought moves to strike several allegations in the Second Amended Complaint on the ground that such allegations affect the interests of the dismissed State Defendants.[2]  In particular, FourThought moves to strike all allegations that FourThought had a disqualifying conflict of interest when it submitted a bid for RFP 2017Z1.  ACS filed a motion for leave to file a sur-reply brief to FourThought's motion.  The Court will grant ACS's motion, and the brief attached to the motion has been reviewed accordingly.

The Court finds that the Second Amended Complaint contains several allegations that are not relevant to ACS's claims against FourThought and can no longer be asserted since the State Defendants have been dismissed from the lawsuit.  ACS is directed to file a Third Amended Complaint that eliminates claims against the State Defendants, allegations pertaining to the State Defendants that are not relevant to FourThought, and

---

[2] The specific portions FourThought moves to strike are identified in Filing No. 198.

-3-

allegations that FourThought had a conflict of interest when it submitted a bid for RFP 2017Z1.

Accordingly, FourThought's motion to strike will be granted to the extent it is in accordance with the foregoing, and it will be denied in all other respects.

**2.   Motion for a hearing on unresolved objections to deposition subpoenas**

ACS moves for a hearing on unresolved objections to deposition subpoenas. According to ACS, FourThought has objected to ACS issuing certain subpoenas to conduct depositions on the ground that the depositions should not be taken if FourThought's motion to strike is granted. ACS's motion for a hearing will be denied, but ACS may file a motion to compel if appropriate. Accordingly,

IT IS ORDERED:

1) FourThought's motion to strike portions of the Second Amended Complaint (Filing No. 181) is granted to the extent it is in accordance with this memorandum and is denied in all other respects.

2) ACS's motion for leave to file instanter a sur-reply to FourThought's motion to strike (Filing No. 200) is granted.

3) ACS's motion for a hearing on unresolved objections to deposition subpoenas (Filing No. 202) is denied.

-4-

4) ACS shall have until May 29, 2009, to file a Third Amended Complaint.

DATED this 14th day of May, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court