FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

09 AUG -3 PM 3:31

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACS STATE HEALTHCARE, LLC, a Delaware Limited Liability Company, | |
| Plaintiff, | 4:08CV03021 |
| v. | |
| FOURTHOUGHT GROUP, INC. | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on plaintiff ACS State Healthcare, LLC's ("ACS") motions to compel a discovery response (Filing Nos. 208, 242), defendant FourThought Group, Inc.'s ("FourThought") motion to dismiss ACS's third amended complaint (Filing No. 227), ACS's motion to strike certain persons on defendant's non-expert witness list (Filing No. 246), and the parties' joint motion to continue trial date and amend second amended final progression order (Filing No. 255). The Court held a hearing on the motions to compel and motion to dismiss on Monday, July 20, 2009. Upon review of the transcript of the July 20th hearing, the parties' briefs, supplemental briefs, and evidentiary submissions, and the applicable law, the Court finds that ACS's Filing No. 208 motion to compel should be denied, ACS's Filing No. 242 motion to compel should be granted to the extent it seeks the production of documents, FourThought's motion to dismiss ACS's third amended complaint should be denied, ACS's

motion to strike certain persons on defendant's non-expert witness list should be denied without prejudice, and the parties' joint motion to continue the trial date and amend the second amended final progression order should be granted.

**1. ACS'S MOTION TO COMPEL (Filing No. 208)**

ACS seeks an order compelling FourThought to produce documents responsive to subpoenas issued to MatrixPointe, LLC ("MatrixPointe) and Software Engineering Services Corporation ("SES")(collectively, "third parties")(See Filing No. 210-10, ex. H).[1] MatrixPointe and SES worked with FourThought in developing its bid to Nebraska in response to the Medicaid Management Information System ("MMIS") Request for Proposal ("RFP")(Filing No. 221-2, ¶ 2). FourThought responded to the subpoenas on the third parties' behalf, producing ten pages of documents responsive to the MatrixPointe subpoena and objecting to the production of the remaining responsive documents on the grounds of the attorney-client privilege or work product doctrine.

---

[1] Documents responsive to the subpoena issued to Pinnacle Business Solutions, Inc. are not at issue in ACS's motion to compel.

FourThought provided ACS with a privilege log describing the documents withheld (Filing No. 221-4, 5, ex. B), and the Court reviewed the documents *in camera*.[2]

In this diversity action, the scope of an asserted privilege is determined in accordance with Nebraska law. See Fed. R. Evid. 501. The attorney-client privilege is defined in Neb. Rev. Stat. § 27-503(2), which provides in relevant part:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (a) between himself or his representative and his lawyer or his lawyer's representative, . . . or (d) . . . between the client and a representative of the client, . . . .

The work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3) and generally protects from disclosure documents and other tangible things that are prepared in anticipation of litigation by or for another party or its representative.

---

[2] During oral argument, ACS indicated that its motion to compel applied to documents not identified in FourThought's privilege log to the extent such documents existed. FourThought has represented to the Court that it has identified all of the responsive documents it is withholding in its privilege log. Absent any facts to the contrary, the Court assumes that all documents responsive to the MatrixPointe and SES subpoenas have been produced to ACS or are identified in FourThought's privilege log.

Here, the primary question is whether MatrixPointe and SES constituted representatives of FourThought such that communications between them and FourThought and/or FourThought's counsel could fall within the scope of the privileges. Neb. Rev. Stat. § 27-503 does not define representative of a client. However, the United States Court of Appeals for the Eighth Circuit analyzed the issue of who qualifies as a client's representative for purposes of the federal common law of attorney-client privilege in *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994). In *Bieter*, the Eighth Circuit found that a non-employee of a client could constitute the client's representative for purposes of the attorney-client privilege if the relationship was such that it justified application of the privilege, and the elements of the *Diversified*[3] test were satisfied. 16 F.3d at 937-940.

Applying these principles to the case-at-hand, the Court finds that MatrixPointe and SES constituted FourThought's

---

[3] *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596 (8th Cir. 1977)(en banc). In *Diversified*, the Eighth Circuit found that the attorney-client privilege applies to the communications of a corporate client's employee if the following elements are satisfied: "(1) the communication was made for the purpose of securing legal advice; (2) the employee making the communication did so at the direction of his corporate superior; (3) the superior made the request so that the corporation could secure legal advice; (4) the subject matter of the communication is within the scope of the employee's corporate duties; and (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents." *Id.* at 609.

representatives for purposes of the attorney-client privilege, and the communications at issue are privileged. MatrixPointe and SES worked closely with FourThought in developing its bid to the Nebraska RFP, were named and included in the Nebraska bid proposal, and possessed information that facilitated the ability of FourThought's counsel to represent FourThought. Further, it is evident from a review of the undisclosed documents and the parties' evidentiary submissions that the *Diversified* factors are satisfied. As such, the communications at issue are protected by the attorney-client privilege. Further, the Court finds that certain documents constitute work product and are similarly entitled to protection, as ACS has not made a sufficient showing that the documents should be produced. Accordingly, ACS's Filing No. 208 motion to compel is denied.

## 2. ACS'S MOTION TO COMPEL (Filing No. 242)

ACS moves for an order compelling FourThought to produce documents related to its performance under a consulting contract (referred to as the "TAC Contract") with the State of South Dakota Department of Social Services, which FourThought has withheld due to a confidentiality provision in the TAC Contract. FourThought has not filed a response to the motion, and the Court notes that there is a protective order on file in this case (Filing No. 151). Accordingly, ACS's Filing No. 242 motion to compel is granted to the extent it seeks the production of

documents; ACS's request for attorney's fees and expenses is denied. FourThought is ordered to produce the responsive documents within three (3) business days of the date this order is filed.

### 3. FOURTHOUGHT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT (Filing No. 227)

FourThought moves to dismiss the third amended complaint (Filing No. 223) pursuant to Federal Rule of Civil Procedure 41(b) for failing to comply with the Court's May 14, 2009 memorandum and order (Filing No. 216), the second amended final progression order (Filing No. 184), and Federal Rule of Civil Procedure 15. Alternatively, FourThought moves to dismiss Counts I and III of the third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### MOTION TO DISMISS UNDER RULE 41(b)

Rule 41(b) permits a defendant to move for dismissal of the action if the plaintiff failed to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is a severe sanction "that should only be available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis,* 560 F.3d 824, 826 (8th Cir. 2009). FourThought claims dismissal is appropriate in this case because the third amended complaint contains allegations

-6-

that FourThought had a conflict of interest when it bid on RFP 2017Z1 despite the Court's May 14th order, and ACS has amended the second amended complaint without leave of court and after the deadline set by the second amended final progression order.

The Court's May 14th order directed ACS to file an amended complaint that, *inter alia*, eliminated allegations that FourThought had a conflict of interest when it bid on RFP 2017Z1 because the second amended complaint contained several conflict of interest allegations that impacted the State Defendants' interests and could not be asserted in their absence.  After a thorough review of the third amended complaint, the Court notes that it continues to contain some allegations that implicate the State Defendants' interests and asserts new allegations without obtaining leave of court.  With regard to the allegations contained in paragraphs 5-48, the Court will not strike the allegations at this time, but prior to ACS being able to offer evidence to support these allegations, the Court intends to schedule a hearing to determine what evidence, if any, ACS will be permitted to introduce to support the allegations.  With regard to new allegations contained in the remaining paragraphs of the third amended complaint, the Court will not strike the allegations due to the federal courts' liberal view of amending pleadings, the Court's finding that FourThought will not suffer any undue prejudice from the amendments, and in the interests of

judicial economy. Subject to the foregoing, FourThought's motion to dismiss under Rule 41(b) is denied.

**MOTION TO DISMISS UNDER RULE 12(b)(6)**

In the alternative, FourThought moves to dismiss Counts I and III of the third amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. FourThought claims ACS has failed to plead Counts I and III with sufficient particularity.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, ". . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Here, the third amended complaint contains sufficient factual allegations to state plausible claims for misappropriation of trade secrets (Count I) and unfair competition (Count III). Accordingly, FourThought's motion to dismiss Counts I and III under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is denied.

**4. ACS'S MOTION TO STRIKE CERTAIN PERSONS ON DEFENDANT'S NON-EXPERT WITNESS LIST (Filing No. 246)**

ACS has withdrawn this motion (Filing No. 256). Accordingly, ACS's motion to strike certain persons on defendant's non-expert witness list is denied without prejudice.

**5. PARTIES' JOINT MOTION TO CONTINUE TRIAL DATE AND AMEND SECOND AMENDED FINAL PROGRESSION ORDER (Filing No. 255)**

The parties' joint motion to continue the trial date and amend the second amended final progression order is granted. The dates proposed in the parties' joint motion will be adopted, and a third amended final progression order will be prepared and filed accordingly.

Based on the foregoing, IT IS ORDERED:

1) ACS's motion to compel a discovery response (Filing No. 208) is denied.

2) ACS's motion to compel a discovery response (Filing No. 242) is granted to the extent it seeks the production of documents. ACS's request for attorney's fees and expenses is denied. FourThought shall produce the responsive documents within three (3) business days of the date this order is filed.

3) FourThought's motion to dismiss the third amended complaint (Filing No. 227) is denied.

4) ACS's motion to strike certain persons on defendant's non-expert witness list (Filing No. 246) is denied without prejudice.

5) The parties' joint motion to continue the trial date and amend the second amended final progression order (Filing No. 255) is granted. A third amended final progression order will be prepared and filed separately.

DATED this 3rd day of August, 2009.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court